UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WARREN ANTONIO LEE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 10-0195 (EGS) |
| v. | : | |
| | : | |
| BUREAU OF PRISONS, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

Plaintiff, a federal prisoner, brings this action under the Privacy Act, *see* 5 U.S.C. § 552a, against the Federal Bureau of Prisons ("BOP").[1] This matter is before the Court on the BOP's motion to dismiss. For the reasons discussed below, the motion will be granted.

I.  BACKGROUND

According to plaintiff, his presentence investigation report ("PSI") incorrectly states that he married a woman in Amsterdam, The Netherlands, in 1990. Compl. at 2. He "fervently asserts" that the words "to be" were omitted in error, and that he remains unmarried. *Id.* Plaintiff alleges that, because of this error, "three . . . separate Marriage Applications . . . have been denied," *id.* at 5, precluding "his liberty and right to a same-sex marriage," *id.* at 6, to another federal inmate, *id.* at 1.

---

[1] Defendants Harley G. Lappin, the BOP's Director, Roseanna Villagomez-Aguon, the Chief United States Probation Officer for the Districts of Guam and the Northern Mariana Islands, the United States Probation Office for the Districts of Guam and the Northern Mariana Islands, and J. Grandolsky, Warden of the Devens Federal Medical Center in Ayer, Massachusetts, have been dismissed as party defendants. Order, *Lee v. Bureau of Prisons*, No. 10-0195 (D.D.C. Feb. 3, 2010). This action proceeds under the Privacy Act only as against the BOP.

Plaintiff contends that the BOP failed to take reasonable steps to verify the accuracy of the information in its records, that is, the PSI. Compl. at 4. In so doing, the BOP relies upon inaccurate information in making decisions, specifically the denial of his marriage applications, to plaintiff's detriment. *Id.* at 6. Among other relief, he demands "an Order compelling [the BOP] to verify that a marriage existed in 1990" and that the BOP "pay damages awards . . . to [p]laintiff for gross and capricious discrimination and violating federal statutes." *Id.* at 8.

## II. DISCUSSION

### *A. Dismissal Under Rule 12(b)(6)*

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *accord Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. __, __, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570); *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009), *cert. denied*, 130 S.Ct. 2064 (2010). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

### B. The BOP's Inmate Central Records System is Exempt from the Amendment and Damages Provisions of the Privacy Act

Subsection (e)(5) of the Privacy Act requires that an agency:

> maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as to assure fairness to the individual in the determination.

5 U.S.C. § 552a(e)(5). An individual may access an agency's records or information in a system of records pertaining to him, and may request amendment of records pertaining to him. *See* 5 U.S.C. § 552a(d). In addition, he may file a civil action against an agency which refuses to amend its records upon request or fails to maintain its records with the requisite level of accuracy and completeness. *See* 5 U.S.C. § 552a(g); *Sellers v. Bureau of Prisons*, 959 F.2d 307, 310 (D.C. Cir. 1992) (stating that subsection (g) provides civil remedies for violations of subsection (e)(5)).[2] In a civil suit filed under subsection (g)(1)(C), if the Court determines that the agency's actions were willful or intentional, the Court may award actual damages sustained by the individual as a result of the agency's failure to maintain its records with the requisite level of accuracy, and further may award costs of the action and attorney fees. 5 U.S.C. § 552a(g)(4).

---

[2] In relevant part, subsection (g) authorizes an individual to file a civil action whenever any agency "makes a determination . . . not to amend an individual's record in accordance with his request." 5 U.S.C. § 552a(g)(1)(A). In addition, subsection (g) provides for the filing of a civil action whenever an agency:

> fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual.

5 U.S.C. § 552a(g)(1)(C).

Notwithstanding the relief ostensibly available under the Privacy Act, an agency's Director may promulgate regulations to exempt any system of records within the agency from any part of the Privacy Act, *except* subsections (b), (c)(1) and (2), (e)(4)(A) through (F), (e)(6), (7), (9), (10), and (11), and (i), if the system of records is:

> maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws, including . . . correctional, probation, pardon, or parole authorities, and which consists of . . . reports identifiable to an individual compiled at any stage of the process of enforcement of the criminal laws from arrest or indictment through release from supervision.

5 U.S.C. § 552a(j)(2). Pursuant to this authority, regulations have been promulgated toh exempt the BOP's Inmate Central Records System (JUSTICE/BOP-005) from subsections (d) and (g) of the Privacy Act. *See* 28 C.F.R. § 16.97(a)(4). An Inmate Central File contains, among other things, an inmate's PSI. *See* Program Statement 5800.11, <u>Inmate Central File, Privacy Folder, and Parole Mini-Files</u> (12/31/1997) ¶¶ 8-9.

Insofar as plaintiff demands amendment of any record maintained in the Inmate Central Files system, that is, amendment of the PSI, this relief therefore is unavailable. *Skinner v. Dep't of Justice*, 584 F.3d 1093, 1098 (D.C. Cir. 2009) (affirming dismissal of a claim for amendment of records maintained in the Inmate Central Records System), *cert. denied*, 78 U.S.L.W. 3590, 79 U.S.L.W. 3014, 79 U.S.L.W. 3187 (U.S. Oct. 4, 2010); *White v. U.S. Probation Office*, 148 F.3d 1124, 1125 (D.C. Cir. 1998) (per curiam) (concluding that the Privacy Act's amendment provision does not cover amendment of a PSI); *Risley v. Hawk*, 108 F.3d 1396, 1397 (D.C. Cir. 1997) (per curiam) (denying injunctive relief on the ground that regulations exempt BOP records, including allegedly false medical records, from amendment provision of Privacy Act);

*Sellers v. Bureau of Prisons*, 959 F.2d at 309 (upholding district court's dismissal of claim for amendment of prisoner's PSI under § 552(d)).

In addition, under 5 U.S.C. § 552a(j)(2), the BOP's Inmate Central Records System is exempt from subsection (e)(5) of the Privacy Act. *See* 28 C.F.R. § 16.97(j); *see also* 28 C.F.R. § 16.97(k)(2).[3] These records are exempt from the substantive provision regarding the BOP's recordkeeping obligations, effectively depriving a litigant of a remedy for any harm caused by the BOP's substandard recordkeeping. Accordingly, insofar as plaintiff seeks damages for the BOP's failure to properly maintain records in its Inmate Central Records System pertaining to him, he cannot prevail because the system of records is exempt from subsection (e)(5). *See, e.g., Jennings v. Fed. Bureau of Prisons*, 657 F. Supp.2d 65, 72 (D.D.C. 2009) (dismissing claim for damages arising from BOP's alleged failure to maintain records maintained in Inmate Central Records System "with the requisite level of accuracy and completeness"); *Fisher v. Bureau of Prisons*, No. 05-0851, 2006 WL 401819, at *2 (D.D.C. Feb.21, 2006) (same); *see also Martinez v. Fed. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006) (per curiam) (affirming dismissal of claims against the BOP because it had exempted the Inmate Central Records system from the accuracy provision of the Privacy Act, 5 U.S.C. § 552a(e)(5)).

---

[3] The variation in language between subsections (e)(5) and (g)(1)(C) of the Privacy Act is "of no substantive significance." *Doe v. United States*, 821 F.2d 694, 698 n.10 (D.C. Cir. 1987) (en banc).

## III. CONCLUSION

For the reasons just explained, the Court concludes that the complaint fails to state a claim under the Privacy Act for amendment of the PSI, or for damages arising from the BOP's alleged failure to maintain records in its Inmate Central Records System pertaining to plaintiff with the requisite degree of accuracy. Defendant's motion to dismiss will be granted. An Order accompanies this Memorandum Opinion.

Signed:        EMMET G. SULLIVAN
                  United States District Judge

Dated:        November 8, 2010